UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANNA CONCEPCION JIMENEZ-AMBRIZ,<br><br>Defendant. | No. 1:20-cr-00175-ADA-BAM-7<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS ON DEFENSE COUNSEL FOR FAILURE TO OBEY THE COURT'S SEPTEMBER 18, 2023 ORDER |

On September 18, 2023, the Court held a change of plea hearing at which Defendant Anna Concepcion Jimenez-Ambriz pleaded guilty to Count 1 of the indictment. (ECF No. 262.) At that hearing, the Court noted that the Defendant's signature on the factual basis appended to the plea agreement differed in style from the signature on the plea agreement itself. After the Defendant informed the Court that she did not sign the factual basis herself, Defense Counsel Carrie McCreary admitted that she did not know who had signed the factual basis on the Defendant's behalf. Because there was no indication on the factual basis that someone had appended the signature with the Defendant's permission, the Court ordered Ms. McCreary to file a new factual basis with the Defendant's actual signature by the end of the day. Ms. McCreary did not file the document as requested. The next day, September 19, 2023, the Court emailed both Ms. McCreary and the Assistant United States Attorney inquiring why a new factual basis

had not been filed. Ms. McCreary did not respond to that email, and, as of the date of this order, has not complied with the Court's order to file a new factual basis.

Courts have inherent power to sanction attorneys when they willfully disobey a court order. *See Gomez v. Vernon*, 255 F.3d 1118, 1122–34 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *see also* E.D. Cal. R. 110 ("Failure of counsel . . . to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). "[A] 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). In the absence of deliberate conduct, courts may impose sanctions only upon "a finding of bad faith, or conduct tantamount to bad faith." *Gomez*, 255 F.3d at 1134. Reckless conduct may be sanctionable if an attorney's recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The Court ordered Ms. McCreary multiple times on the record to file a new factual basis containing the Defendant's signature by the end of the day on September 18, 2023. The Court followed up informally the next day when Ms. McCreary failed to comply with that order. Ms. McCreary has not responded in any way to the Court. On Friday, September 22, 2023, the Court again sent an email to counsel inquiring about the status of the new factual basis and warned counsel that an order to show cause would issue should counsel not file this by noon. At the time of this filing, the Court has neither received a response from Ms. McCreary nor has she filed a new factual basis as ordered. If this conduct is not willful, Ms. McCreary must inform the Court why that is.

Accordingly,

1. Within three court days of the date of service of this order, Defense Counsel Carrie McCreary shall show cause in writing why sanctions should not be imposed for her failure to comply with the Court's order that she file a factual basis containing the Defendant's actual signature by the end of the day on September 18, 2023; and

2. The Clerk of Court shall serve this order on Defense Counsel Carrie McCreary at her last known address as listed on the Court's docket: 7081 N. Marks, Suite 104 Pmb 302, Fresno, CA 93711 and via email.

IT IS SO ORDERED.

Dated:   September 22, 2023

_____
UNITED STATES DISTRICT JUDGE